**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | |
|---|---|
| **MICHELLE L. MOST** | ) |
| 6304 Widmer, Apt. #117 | ) |
| Shawnee, Kansas 66216 | ) |
| | ) |
| -and- | ) |
| | ) |
| **MARK A. KELSO** | ) |
| 622 S. Oak | ) |
| Gardner, Kansas 66030 | ) |
| | ) |
| On Behalf of Themselves and | ) |
| All Others Similarly Situated, | ) |
| | ) Case No.  06-2330 CM |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| **GENERAL NUTRITION** | ) |
| **CENTERS, INC.** | ) |
| A Deleware Corporation, | ) |
| Registered Agent: | ) |
| The Corporation Trust Company | ) |
| Corporation Trust Center | ) |
| 1209 Orange Street | ) |
| Wilmington, DE 19801 | ) |
| | ) |
| -and- | ) |
| | ) |
| **GENERAL NUTRITION CORP.** | ) |
| A Pennsylvania Corporation, | ) |
| Registered Agent: | ) |
| Corporation Service Company | ) |
| 200 S.W. 30th Street | ) |
| Topeka, Kansas 66111 | ) |
| | ) |
| Defendants. | ) |

**REPRESENTATIVE ACTION COMPLAINT FOR
<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>**

**COME NOW** the Plaintiffs, Michelle Most and Mark Kelso, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs Michelle Most ("Ms. Most") and Mark Kelso ("Mr. Kelso") bring this action against Defendant General Nutrition Centers, Inc. ("GNC") a wholly owned subsidiary of Defendant General Nutrition Corporation ("GNC Corp.") for unpaid overtime compensation and related penalties and damages. Ms. Most and Mr. Kelso are both former employees of Defendants.

2. Defendants' practice and policy is, and, for the past three years has been, to willfully fail and refuse to properly pay overtime compensation due and owing to Ms. Most, Mr. Kelso, and all other similarly situated Managers and Assistant Managers in violation of the FLSA.

3. Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Currently, and for the last three years, Defendants' Managers and Assistant Managers have regularly worked overtime hours.

## PARTIES

5. Plaintiff Michelle Most currently resides at 6304 Widmer, Apt. #117, Shawnee, Johnson County, Kansas. Ms. Most was employed by Defendants as a Manager from

approximately December 11, 2004, to December 10, 2005, working at Defendants' place of business located on S. Merlin Street, Olathe, Kansas; the Mission Mall Location, Mission, Kansas; and the Westbrook Shopping Center, Mission, Kansas, all of which are located in Johnson County, Kansas.

6. Plaintiff Most regularly worked hours in excess of forty hours per week without receiving overtime compensation at a rate not less than one and one half the regular rate of pay as required by federal law.

7. Plaintiff Mark Kelso currently resides at 622 S. Oak, Gardner, Johnson County, Kansas. Mr. Kelso was employed by Defendants as a Manager from approximately August 2002 through May 2003 and August 2005 through March 2006, working at Defendants' place of business located on S. Merlin Street, Olathe, Johnson County, Kansas.

8. Plaintiff Kelso regularly worked hours in excess of forty hours per week without receiving overtime compensation at a rate not less than one and one half the regular rate of pay as required by federal law.

9. Defendant General Nutrition Corporation (GNC Corp.) is a Pennsylvania Corporation registered and in good standing in the State of Kansas with its principle place of business located at 300 Sixth Avenue, Pittsburg, Pennsylvania.

10. Defendant General Nutrition Centers, Inc. (GNC) is a Delaware Corporation with its principle place of business located at 300 Sixth Avenue, Pittsburg, Pennsylvania. GNC is a wholly owned subsidiary of GNC Corp. GNC operates retail locations throughout the United States, including the locations identified in paragraphs 5 and 7 of this Complaint, and provides health supplements and vitamins to private consumers, and GNC employs Managers and Assistant Managers throughout the United States.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction, 28 U.S.C. § 1311, because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12. The United States District Court for the District of Kansas has personal jurisdiction because Defendants GNC Corp. and GNC are doing business in Johnson County, Kansas, located within in this District.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants GNC Corp. and GNC reside in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

14. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendants as Managers or Assistant Managers throughout the United States within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

15. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by Ms. Most and Mr. Kelso, the Representative Plaintiffs, because the claims of Ms. Most and Mr. Kelso are similar to the claims of the putative plaintiffs of the representative action.

16. Ms. Most, Mr. Kelso, and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject

       to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

17.   The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FLSA CLAIM

18.   Plaintiffs Michelle Most and Marc Kelso, on behalf of themselves and all similarly situated GNC and GNC Corp. Managers and Assistant Managers, re-allege and incorporate by reference paragraphs 1 through 17 as if they were set forth again herein.

19.   At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including Ms. Most, Mr. Kelso, and each of the putative members of the FLSA representative action. At all times relevant herein, each Defendant has respectively had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

20.   The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

21.   Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.  Ms.

Most, Mr. Kelso, and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

22. At all relevant times, Defendants had a policy and practice of failing and refusing to pay full overtime pay to its Manager and Assistant Manager employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

23. The Defendants have failed to compensate Plaintiffs and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

24. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of U.S.C. §255(a).

25. Ms. Most and Mr. Kelso, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

26. Ms. Most and Mr. Kelso, on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Michelle Most and Marc Kelso as Representative Plaintiffs of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages, including liquidated damages, to be paid by Defendants;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

COMES NOW the Plaintiffs by and through their counsel of record and hereby designate the place of trial as follows: **Kansas City, Kansas**.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael F. Brady* | **DONELON, P.C** |
| Michael F. Brady    KS# 18630 | www.donelonpc.com |
| 10901 Lowell Avenue, Suite 280 | |
| Overland Park, KS 66210 | */s/ Brendan J. Donelon* |
| Tel: (913) 696-0925 | Brendan J. Donelon, KS #17420 |
| Fax: (913) 696-0468 | 802 Broadway, 7th Floor |
| brady@bradylaw.com | Kansas City, Missouri 64105 |
| | Tel:    (816) 221-7100 |
| | Fax:    (816) 472-6805 |
| | brendan@donelonpc.com |

**ATTORNEYS FOR PLAINTIFFS**